UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff.<br>　　v.<br>ARGIMIRO POZOS SOLANO,<br>　　　　Defendant. | Case No. 12-cr-00802-WHO-1<br><br>**ORDER FOR PRETRIAL PREPARATION** |

Good cause appearing, IT IS HEREBY ORDERED that:

**1.　Trial Date:** Trial is set for 8:30 a.m. on August 5, 2013, in Courtroom 12, 19th floor, 450 Golden Gate Avenue, San Francisco, California.

**2.　Pretrial Conference**: A Pretrial Conference shall be held at 2:00 pm on July 29, 2013, in Courtroom 12. The parties shall follow the requirements of Crim. L.R. 17.1-1, as supplemented below:

　　A.　<u>The government and, to the extent consistent with defendant's right to effective defense, the defendant shall do the following at least seven days prior to the Pretrial Conference:</u>

　　　　(i)　Serve and file a trial memorandum that briefly states the legal bases for the charges and the anticipated evidence, and addresses any evidentiary, procedural or other anticipated legal issues;

　　　　(ii)　Serve and file a witness list that includes a brief summary of the testimony of each witness; and

　　　　(iii)　Serve and file exhibit lists and serve copies of all marked exhibits on all parties. Each item shall be premarked; generally, the government shall use numbers, the defendant, letters. While exhibit lists shall be filed with the Court, the exhibits should not

be filed with the Court. Counsel shall lodge with the Court two copies of the exhibits in binders the Friday before trial, for the Court's use and witnesses' use during trial. The original exhibits admitted by the Court shall be collected by the Court during trial.

  B. <u>All parties shall do the following at least seven days prior to the Pretial Conference</u>:

    (i) Confer regarding the Proposed Jury Instructions--8 U.S.C. §1326, attached. If any party objects to any of the attached instructions, or wishes to suggest other instructions in addition to those found in the Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, the party shall serve and file their objections and alternative proposed jury instructions at least four days prior to the Pretrial Conference;

    (ii) Serve and lodge a proposed form of verdict and proposed questions for jury voir dire; and,

    (iii) Counsel shall confer and be prepared to discuss with the Court at the Pretrial Conference any anticipated evidentiary objections and any means for shortening and simplifying the trial (by stipulating to such matters as chain of custody, nature of substances, use of the mails, etc.).

    (iv) Counsel should submit an agreed upon set of additional requested voir dire questions to be posed by the Court. Any voir dire questions on which counsel cannot agree shall be submitted separately. Voir dire by counsel will be limited to fifteen minutes per side.

**3.** **Motions In Limine:** Any party wishing to have motions in limine heard prior to the commencement of trial must file and serve same no later than fourteen days prior to the date set for the Pretrial Conference. All motions in limine shall be contained in one document, limited to 25 pages and prepared in accordance with Civil L. R. 7-2(b), with each motion listed as a subheading. Opposition to the motions in limine shall be contained in one document, limited to 25 pages, with corresponding subheadings, and shall be filed and served no later than seven days prior to the Pretrial Conference. No reply papers will be considered. The motions will be heard at the Pretrial Conference or at such other time as the Court may direct.

2

**4. Additional Matters**

A. Opening Statements: Parties must meet and confer to exchange any visuals, graphics or exhibits to be used in opening statements. Unless otherwise agreed, the exchange must occur no later than the close of business on the Wednesday before trial. Any objections not resolved must be filed in writing by the Thursday before trial. The parties shall be available by telephone on the Friday before trial to discuss the issues raised with the Court

B. Copies: Each document filed or lodged with the Court must be accompanied by a three-hole punched copy for use in the Judge's chambers. In addition, one copy of the witness and exhibit lists should be furnished to the court reporter.

C. Transcripts: Should a daily transcript and/or realtime reporting be desired, the parties shall make arrangements with Debra Campbell, Court Reporter Supervisor, at 415-522-2079 or Debra_Campbell@cand.uscourts.gov, at least 14 calendar days prior to the trial date.

D. Change of Plea: Counsel shall give prompt notice to the United States Attorney and to the Court of any intention to change a previously entered not guilty plea.

E. Exhibits: Upon the conclusion of the trial, the admitted exhibits are filed by the Court. The exhibits not admitted are returned to counsel.

**IT IS SO ORDERED.**

Dated:

_____
WILLIAM H. ORRICK
United States District Judge

# PROPOSED JURY INSTRUCTIONS--8 U.S.C. §1326

**ALIEN – REMOVED ALIEN FOUND IN UNITED STATES**

The defendant is charged with being an alien who, after removal, was found in the United States in violation of Section 1326(a) of Title 8 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant was removed from the United States;

Second, thereafter, the defendant voluntarily entered the United States;

Third, after entering the United States the defendant knew that he was in the United States and knowingly remained;

Fourth, the defendant was found in the United States without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States; and

Fifth, the defendant was an alien at the time of the defendant's entry into the United States.

An alien is a person who is not a natural-born or naturalized citizen of the United States.

**VOLUNTARILY ENTERED**

You have heard that as an element of the crime of Removed Alien Found in the United States, the government must prove beyond a reasonable doubt that the defendant voluntarily entered the United States. You may infer that the defendant voluntarily entered the United States if you determine that the government proved that the defendant was found at a location other than a border of the United States.

**REMOVED**

You have heard that as an element of the crime of Removed Alien Found in the United States, the government must prove beyond a reasonable doubt that the defendant was removed from the United States. To meet its burden as to this element, the government must prove beyond

1 a reasonable doubt that the defendant physically left the country prior to the time he was found in
2 the United States.

**KNOWINGLY—DEFINED**

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.